UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCO SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MOHAMMAD USMAN dba NAIMAT KADAH INTERNATIONAL, INC.; NAIMAT KADAHA INTERNATIONAL, INC.; KABOB & CURRY'S,<br><br>    Defendants. | Case No.  5:13-cv-04292 HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**<br><br>[Re:  Dkt. No. 11] |

    Restaurant worker Francisco Sanchez sues defendants Mohammad Usman (dba Naimat Kadah International, Inc.), Naimat Kadah International, Inc., and Kabab & Curry's[1] for alleged failure to pay overtime wages in violation of federal and state law.  Defendants' Answer purported to include a "counterclaim" not on their own behalf, but on behalf of several newcomers.  Pursuant to Fed. R. Civ. P. 12(b)(1), Sanchez moves to dismiss the counterclaim, a state law conversion claim filed on behalf of four of Kabab & Curry's service employees:   Ali Omar, Syed Hassan, Kashif Mohammad, and Jahanzaib Aslam (collectively, "servers").  Defendants and servers oppose the motion.  All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  The

---

[1] Defendants say that Kabab & Curry's erroneously was sued as "Kabob & Curry's."

1  matter is deemed suitable for determination without oral argument, and the March 25, 2014
2  hearing is vacated. Civ. L.R. 7-1(B).  Upon consideration of the moving and responding papers,
3  the court grants the motion.

4  Sanchez worked for a time at the Kabab & Curry's restaurant in Santa Clara County.  He
5  claims that, although he was a non-exempt employee, defendants paid him a fixed salary every
6  two weeks and did not compensate him for overtime at one and a half times his regular rate of pay.
7  (Id.).  Defendants dispute much of plaintiff's characterization of his duties and contend that Kabab
8  & Curry's fully compensated him for all of his work at the restaurant.

9  At issue in the instant motion is the "counterclaim" for conversion asserted against
10 Sanchez by several of Kabab & Curry's servers.  They say that, pursuant to the restaurant's
11 practice, tips are collected by employees who place them in a box where they are later divided
12 among the restaurant's service staff at the end of the shift. (Dkt. 8, p. 16 ¶ 11).  The servers allege
13 that, in violation of restaurant practice, Sanchez regularly pocketed tips for himself and refused to
14 share them with the rest of the service staff.  (Id. ¶ 12).

15 The gist of plaintiff's motion to dismiss is that the servers' conversion claim was not
16 properly brought as a counterclaim and that the servers are not properly joined in this action.  And,
17 because the conversion claim is based solely on state law, Sanchez contends that this court lacks
18 jurisdiction to adjudicate it.

19 None of the servers was named as a defendant in plaintiff's complaint.  For that reason, the
20 conversion claim cannot properly be designated as a "counterclaim" under Fed. R. Civ. P. 13.

21 The servers do not contend that they are necessary parties to this action.  Instead, they
22 argue that they may permissively be joined in this action under Fed. R. Civ. P. 20, which allows
23 persons to join as co-plaintiffs or co-defendants when (1) a right to relief is asserted by or against
24 them jointly, severally, or in the alternative, arising out the same transaction or occurrence, or
25 series of transactions or occurrences; and (2) any question of law or fact common to all parties will
26 arise in the action. Fed. R. Civ. P. 20(a)(1)(A).  The servers correctly note that Rule 20 "is to be
27 construed liberally in order to promote trial convenience and to expedite the final determination of

disputes, thereby preventing multiple lawsuits." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980) (quoting League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914 (9th Cir. 1977)).

But, on the record presented, this court is satisfied that Rule 20 is not the proper vehicle for analysis either. On its face, that rule pertains to the joinder of persons as co-plaintiffs or co-defendants. The servers are neither one nor the other. Instead, it seems that what they would have this court do is "consolidate" the instant action with their separate claim for conversion, which could otherwise only be brought in state court. Based on the arguments presented here, this court is unpersuaded that it properly may graft onto this action a conversion claim over which it would have no subject matter jurisdiction, and which never was separately filed in any court. In short, the so-called "counterclaimants" are mere interlopers.

For the foregoing reasons, plaintiff's motion to dismiss is granted and the servers' conversion claim is dismissed. The dismissal is, however, without prejudice to the servers to bring their claim in state court.

**SO ORDERED**.

Dated:   March 19, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:13-cv-04292-HRL Notice has been electronically mailed to:

Gregory Scott Redmond     gsrlaw@comcast.net

James Dal Bon     jdblaw@earthlink.net, jdb@wagedefenders.com, mh@wagedefenders.com

Tyler Mark Paetkau     tpaetkau@hslawoffice.com, liliane@hslawoffice.com, osavage@hslawoffice.com, smith@hslawoffice.com